IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS BENNETT, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:18-cv-846 |
| v. | § § | |
| TENISON MGT, LLC, VICKERY DEVELOPMENT INC., ASA CASCAVILLA, Individually | § § § § | Jury Demanded |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Chris Bennett, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants failed to pay Plaintiff and the similarly situated Class Members in accordance with the FLSA because Defendants did not permit Plaintiff and the Class Members to report their actual time worked each day. Consequently, these workers were suffered or permitted to work many hours "off-the-clock" that were not compensated at all, including weekly hours worked in excess of 40 ("overtime hours."). Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Chris Bennett ("Plaintiff") is an individual who was employed by Defendants within the meaning of the FLSA within the three-year period preceding the filing of this Complaint and until approximately October 2017. He hereby consents to be a party in this action and his consent form is attached as an Exhibit.

4. The Plaintiff and "Class Members" are Defendants' current and former non-exempt, hourly-paid, and admittedly overtime eligible employees. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5. Defendant Tenison Mgt, LLC may be served with process through its Registered Agent of Service, Asa Cascavilla, who may be served at 1417 E. Interstate 30, Suite 1, Garland, TX 75043.

6. Defendant Vickery Development Inc. may be served with process through its Registered Agent of Service, Asa Cascavilla, who may be served at 1417 E. Interstate 30, Suite 1, Garland, TX 75043.

7. Defendant Asa Cascavilla is an individual who may be served at 1417 E. Interstate 30, Suite 1, Garland, TX 75043.

## 8. III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law under the Fair Labor Standards Act. 29 U.S.C. § 201 et seq. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the events forming the basis of the suit occurred in this District, and one or more of the Defendants reside in this District.

## IV. COVERAGE

11. At all material times, Defendants acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

16. Defendants do over $500,000 per year in business.

17. Defendant Asa Cascavilla is an owner, officer and director of Defendants Tenison Mgt, LLC and Vickery Development Inc. In this capacity, Cascavilla possessed the power to hire/fire Plaintiff, received complaints from Plaintiff over the violations at issue, and oversaw the pay scheme that resulted in the overtime violations at issue.

18. Defendants are a property management company. Defendants employ numerous individuals paid on a non-exempt, hourly, and admittedly overtime eligible basis. For example, Plaintiff was paid approximately $19 per hour while employed by Defendants.

19. Plaintiff was employed by Defendants during the three years prior to the filing of this suit and until approximately October 2017. During this time and during the three years prior to the filing of this suit, Plaintiff regularly worked uncompensated overtime hours. For example, Plaintiff worked as many as 50 hours per week during periods covered by this lawsuit but received no additional compensation beyond his regular hourly rate for his first 40 regular hours of work.

20. Plaintiff was employed as a "maintenance technician" in which capacity his primary duties were to perform manual labor, which was performed outside of an office environment. Plaintiff did not supervise two or more employees nor did he have the discretion or authority to make business decisions for Defendants, such as who to hire, fire, or discipline.

21. During the three year period prior to this suit, Defendants have employed individuals who performed similar job duties under similar pay provisions as Plaintiff, who were also employed in a non-exempt and overtime eligible capacity but not paid overtime compensation for overtime worked as required by the FLSA.

22. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff

and the Class Members. Defendants regularly received complaints from Class Members involving the violations at issue in this suit, yet their unlawful practices continued.

## VI.    COLLECTIVE ACTION ALLEGATIONS

23. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees worked with Plaintiff and were paid in the same manner as Plaintiff without being paid the overtime wages and for all hours worked. Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

24. The Class Members performed the same or similar duties as Plaintiff or otherwise worked under the same illegal pay scheme. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

25. Defendants' failure to pay minimum wage and/or overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members.

26. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to pay for all hours of work and to be paid lawful overtime wages for overtime hours worked. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and facts are common to Plaintiff and the Class Members.

# VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27. During the relevant timeperiod, Defendants violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

# VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants jointly and severally as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FORESTER HAYNIE PLLC**

/s/ *Jay Forester*
J. FORESTER
Texas Bar No. 24087532
D. Matthew Haynie
Texas Bar No. 24087692
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax

## CERTIFICATE OF SERVICE

This is the Original Complaint and will be served on all Defendants along with the summons and in accordance with the Federal Rules of Civil Procedure.

/s/ *J. Forester*
**J. FORESTER**